**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RODNEY JAMES DILWORTH, #632515** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  4:21cv659** |
| | § | |
| **DIRECTOR, TDCJ-CID** | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

*Pro Se* Petitioner Rodney James Dilworth filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

### MOTION FOR SUMMARY JUDGMENT

On April 29, 2022, Petitioner filed a motion for summary judgment (Dkt. #20). A motion for summary judgment, however, is not a proper method of adjudicating a petition brought pursuant to 28 U.S.C. § 2254. *See Browder v. Dir., Ill. Dep't of Corr.*, 434 U.S. 257, 269 n.14 (1978); *see also United States v. Hurley*, 2005 WL 1473828, at *2 n.5 (N.D. Tex. June 22, 2005) (Not Reported in F. Supp. 2d) (motion for summary judgment is not proper method for adjudicating a motion pursuant to U.S.C. § 2255), *report and recommendation adopted*, 2005 WL 1614017 (N.D. Tex. July 8, 2005). *The Rules Governing Section 2254 Cases in the United States District Courts* do not contemplate such a motion. Although Rule 12 permits a court to apply the Federal Rules of Civil Procedure when appropriate, motions for summary judgment under Fed. R. Civ. P. 56 are not appropriate or necessary in the habeas context. This is especially true where the

motion essentially seeks the same relief as that sought in the underlying petition for writ of habeas corpus. For these reasons, the Court should summarily deny the motion.

## RECOMMENDATION

It is accordingly recommended that the motion for summary judgment (Dkt. #20) be **DENIED** without prejudice.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 1st day of June, 2022.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE