IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RODNEY JAMES DILWORTH, #632515 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:21cv659 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Petitioner Rodney James Dilworth filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued an Order and Report and Recommendation (Dkt. #53) concerning Petitioner's motion (Dkt. #47) to voluntarily dismiss Claims Three, Four, and Five of his § 2254 petition and to construe the remaining claims challenging parole revocation (Claims One, Two, and Six) exclusively under 28 U.S.C. § 2241.

The Magistrate Judge (1) recommended Petitioner's motion (Dkt. #47) be granted to the extent Claims Three, Four, and Five of the § 2254 petition be dismissed and (2) ordered Petitioner's motion (Dkt. #47) be denied to the extent Petitioner seeks to have his remaining habeas claims (Claims One, Two, and Six) construed exclusively under § 2241. (Dkt. #53, p. 4). Petitioner filed objections (Dkt. #54) to the non-dispositive Order denying Petitioner's request to construe his remaining habeas claims (Claims One, Two, and Six) exclusively under § 2241. No party objected to the recommendation that Petitioner's motion be granted to the extent Claims Three, Four, and Five of the § 2254 petition be dismissed.

The Report and Recommendation of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Court concludes that the findings and conclusions of the Magistrate Judge are

1

correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. Accordingly, Claims Three, Four, and Five of the § 2254 petition will be dismissed.

The Court construes Petitioner's objections (Dkt. #54) to the non-dispositive Order (Dkt. #53, p. 4) as filed pursuant to Federal Rule Civil Procedure 72(a). Rule 72 of the Federal Rules of Civil Procedure provides that the District Judge must consider timely objections and modify or set aside any part of a non-dispositive order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). Petitioner fails to show the Magistrate Judge's Order is clearly erroneous or contrary to the law. Fed. R. Civ. P. 72(a).

As the basis for his request to construe his remaining habeas claims challenging his parole revocation exclusively under § 2241, Petitioner relies on *Galbraith v. Hooper*, 85 F. 4th 273 (5th Cir. 2023), in which the Fifth Circuit Court of Appeals concluded that the state prisoner's "challenge to the revocation of his parole was properly brought under Section 2241." *Id.* at 281. The Magistrate Judge determined that *Galbraith* was distinguishable and did not require that Petitioner's remaining habeas claims challenging parole revocation be construed solely under § 2241. (Dkt. #53, pp. 2-3). In his objections (Dkt. #54), Petitioner continues to assert *Galbraith* requires the Court to construe his remaining habeas claims challenging parole revocation solely under § 2241 and cites to an unpublished order in which the Fifth Circuit cited *Galbraith* and stated: "This court recently held that a state prisoner's challenge to a parole revocation is properly brought pursuant to 28 U.S.C. § 2241, rather than § 2254, because it challenges the execution of a sentence rather than the underlying conviction and sentence." *In re Antonio Dudley*, No. 23-20454 (Feb. 16, 2024) (citing *Galbraith*, 85 F.4th at 280-81). However, on March 19, 2024, the Fifth Circuit withdrew its opinion in *Galbraith* and stated a new opinion will be substituted at a later

date. *See Galbraith v. Hooper*, No. 22-30159, 2024 WL 1170026, at *1 (5th Cir. Mar. 19, 2024). Thus, *Galbraith*, 85 F. 4th 273, is no longer binding authority, and Petitioner can no longer rely on *Galbraith*, 85 F. 4th 273, to argue that his claims challenging parole revocation must be construed exclusively under § 2241.

It is accordingly **ORDERED** that Petitioner's motion (Dkt. #47) is **GRANTED** to the extent Claims Three, Four, and Five of the § 2254 petition are **DISMISSED**.

It is further **ORDERED** that Petitioner's objections (Dkt. #54) are **OVERRULED**.

**SIGNED this 28th day of March, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE