IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RODNEY JAMES DILWORTH, #632515 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:21cv659 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). (Dkt. #70). On June 25, 2024, former Magistrate Judge Kimberly C. Priest Johnson issued a Report and Recommendation ("the Report") (Dkt. #63) recommending that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that the case be dismissed with prejudice. Petitioner filed objections to the Report. (Dkt. #66). On August 7, 2024, after reviewing the Report and conducting a *de novo* review of Petitioner's objections, the Court entered an Order of Dismissal adopting the Report and a Final Judgment dismissing the case with prejudice. (Dkt. ##67, 68). Petitioner's Rule 59(e) motion is dated August 29, 2024, and was docketed on September 4, 2024. (Dkt. #70). *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

Rule 59(e) permits this Court to alter or amend the judgment due to (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or prevent a manifest injustice. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *Shackelford v. Harden*, No. 6:11CV701, 2012 WL 947668, at *1 (E.D. Tex. Mar. 20, 2012). Rule 59(e) motions cannot be used to raise arguments

which could, and should, have been made before the judgment issued. *See Russ v. Int'l Paper Co.*, 943 F.2d at 593. Additionally, Rule 59(e) motions cannot be used as a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Chi v. United States*, No. 4:12CR155(1), 2022 WL 17347781, at *1 (E.D. Tex. Nov. 30, 2022) (quoting *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

Petitioner does not offer newly discovered evidence or argue there has been an intervening change in controlling law or a need to correct manifest errors of law or fact. Rather, Petitioner reurges issues previously raised or raises arguments which could, and should, have been made before the judgment issued. Petitioner's Rule 59(e) motion is thus nothing more than a "second bite at the apple." Thus, Petitioner fails to show that the Final Judgment should be altered or amended.

It is accordingly **ORDERED** that Petitioner's motion to alter or amend the judgment (Dkt. #70) is **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 16th day of January, 2025.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE